# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| HOLLIE ROETHER, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:20-cv-92 |
| v. | * | |
| STATE OF GEORGIA, et al., | * | |
| Defendants. | * | |

## ORDER

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Order and Report and Recommendation. Dkt. Nos. 15, 16. For the reasons stated below, the Court **OVERRULES** Plaintiff's Objections.

## BACKGROUND

Plaintiff filed a Complaint, pro se, on September 4, 2020. Dkt. No. 1. She later filed an Amended Complaint on September 9, 2020. Dkt. No. 6. Shortly after filing her initial Complaint, Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis* in lieu of paying the filing fee. Dkt. No. 2. In his May 17, 2021 Order, the Magistrate Judge deferred ruling on Plaintiff's Motion and ordered Plaintiff to resubmit the Court-approved *in forma pauperis* ("IFP") forms due to

ambiguities in her initial Motion. Specifically, Plaintiff stated her husband dealt in silver and gold "weight and balances" pursuant to their religious beliefs. Id. However, Plaintiff did not explain their financial holdings any further.

Rather than resubmitting the Court-approved forms as directed, Plaintiff stated she wished to withdraw her Motion for Leave to Proceed in Forma Pauperis. Dkt. No. 12. Plaintiff asserted completing the forms and paying the filing fee in this case would violate her religious beliefs. Id. In his June 11, 2021 Report and Recommendation, the Magistrate Judge recommended dismissal of Plaintiff's Amended Complaint due to Plaintiff's failure to resubmit the Court-approved forms as directed or to pay the filing fee in this action. Plaintiff has filed separate Objections both to the Magistrate Judge's May 17, 2021 Order and June 11, 2021 Report and Recommendations. Dkt. Nos. 15, 16.

## DISCUSSION

### I. May 17, 2021 Order

First, the Court notes Plaintiff's Objections to the May 17, 2021 Order are untimely. A party must file objections to a Magistrate Judge's Order within 14 days. Fed. R. Civ. P. 72. Plaintiff did not submit her Objections until June 25, 2021. Dkt. No. 15 at 3.

Even considering Plaintiff's Objections, the Magistrate Judge did not err. In her Objections, Plaintiff sets forth two

AO 72A
(Rev. 8/82)

arguments. First, she states her motion was not contradictory, and, in her opinion, she answered all of the questions on the form. The Court finds the Magistrate Judge correctly ordered Plaintiff to resubmit these forms because her Motion contained substantial ambiguities. Although Plaintiff now states, "[T]o the best of my knowledge we did not have any silver or Gold or any Federal Reserve Notes or any other coinage or financial instruments," she did not state this in her initial forms submitted to the Court. Id. at 1. Instead, she stated "my husband[] deals in gold and silver which is just weights [and] balances . . . ." Dkt. No. 2 at 2. The Magistrate Judge needed additional information from Plaintiff to determine whether she qualified for IFP status. However, she elected to instead withdraw her Motion rather than resubmitting the forms as directed.

Second, she states the Magistrate Judge improperly denied her Motion even though she qualified for IFP status. Dkt. No. 15 at 1. Contrary to Plaintiff's assertions, the Magistrate Judge did not deny Plaintiff's Motion initially but instead deferred ruling upon it until Plaintiff resubmitted the required forms with additional information. If the Court is unable to make an IFP determination based on initial forms submitted, the proper course of action is to order the plaintiff to submit supplemental forms. Martinez v. Kristi Kleaners, Inc., 364 F.3d

3

1305, 1308 (11th Cir. 2004)("If the district court finds that Martinez's affidavit is insufficient to provide an adequate basis for an IFP determination, Martinez should be directed to file a supplemental affidavit providing additional information . . . ."). Thus, the Magistrate Judge did not err in ordering Plaintiff to resubmit her forms and deferring ruling on Plaintiff's Motion.

II. **June 11, 2021 Report and Recommendations**

The Court construes Plaintiff's Objections as arguing she showed cause why she was unable to comply with the Court's Order through her "Notice of Withdrawal." Dkt. Nos. 16, 12. Therefore, in Plaintiff's view, the Magistrate Judge wrongfully recommended dismissal of her Amended Complaint for failure to follow the Court's Order. However, Plaintiff did not show cause for her failure to comply in her Notice of Withdrawal. Dkt. No. 12. Plaintiff stated she could not fill out the IFP forms because "circumstances have changed drastically since the filing of my original complaint and I do not have the information and understanding of the legal terminology and definitions concerning finances to properly fill one out at this time." Id. at 1. The Court-approved IFP forms are designed for pro se plaintiffs and do not contain complicated legal terminology. They simply ask for basic income and financial obligation information. Moreover, Plaintiff demonstrated her understanding

4

of the questions on the form in her initial Motion; she simply did not explain her financial circumstances fully. Dkt. No. 2. In her Notice of Withdrawal, Plaintiff did not elaborate on what her change in circumstances was or why submitting the forms would be contrary to her religious beliefs.

To date, Plaintiff has not resubmitted her IFP forms as directed or paid the filing fee. Thus, she has still failed to comply with this Court's May 17, 2021 Order. The Court specifically warned Plaintiff her failure to comply would result in dismissal the action. Dkt. No. 11 at 1. Additionally, she voluntarily withdrew her IFP Motion. Thus, no IFP Motion is currently pending before the Court at this time, and Plaintiff still has not paid the filing fee in this case.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's May 17, 2021 Order and June 11, 2021 Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. To the extent Plaintiff challenges the Magistrate Judge's denial as moot of her Motion to Proceed *in Forma Pauperis* and Motion for eFiling Access, the Court also concurs with those rulings. The Court **DISMISSES** Plaintiff's Complaint in its entirety without prejudice. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter

5

AO 72A
(Rev. 8/82)

the appropriate judgment of dismissal and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

    **SO ORDERED**, this 12 day of July, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)