# United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
HOLLIE ROETHER,

     Plaintiff,

v.                                    CV 220-092

STATE OF GEORGIA, et al.,

     Defendant.
```

### ORDER

Before the Court is Plaintiff Hollie Roether's Objection to the Court's Order deferring ruling on her Objection to the Court's Order denying as moot her Motion to Correct Filing Date. Dkt. No. 45; see also Dkt. Nos. 40, 43.

In its recent Order, this Court informed Plaintiff that if she wishes to correct the clerical error in the Motion to Reconsider's filing date, she must first seek leave to do so from the Eleventh Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 10(e). Crumpacker v. Crumpacker, 516 F. Supp. 292, 297 (N.D. Ind. Apr. 23, 1981). Only if that petition is granted by the Court of Appeals will this Court have the authority to enter the desired correction. Id.

Now Plaintiff objects to that Order, arguing that this Court retains authority to correct clerical errors during an appeal. Dkt. No. 45 (citing Madura v. BAC Home Loans Servicing,

LP, 655 F. App'x 717, 723 (11th Cir. 2016) (citing Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, 895 F.2d 711, 713 (11th Cir. 1990))).  While Plaintiff is correct that this Court retains authority to correct clerical errors during an appeal, Plaintiff misses an important caveat.  A district court cannot *unilaterally* make corrections of this sort during the pendency of an appeal.  As the Court stated in its previous Order, Federal Rule of Civil Procedure 60(a) expressly requires that leave to make the clerical correction be obtained from the court of appeals before the district court may act.  Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake . . . whenever one is found in a judgment, order, or other part of the record. . . . But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.").

Accordingly, Plaintiff's objection, dkt. no. 45, is **OVERRULED**.

**SO ORDERED**, this 10th day of February, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA